UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD WARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2956** |
| **FRANKLIN PARISH DETENTION CENTER, ET AL.** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Richard Ward ("Ward"), an inmate housed in Franklin Parish Detention Center in Winnsboro, Louisiana, submitted the captioned complaint brought pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. ECF No. 1 (Deficient Complaint). Ward did not utilize the Court's required form complaint, pay the filing fee, or submit a pauper application with his complaint.

On December 31, 2024, the Clerk of Court sent Ward a notice of these deficiencies which required him to submit his complaint on the proper form and either pay the filing fee or submit a properly completed and certified pauper application within 21 days of the date of the notice. ECF No. 2. The complaint and pauper application forms were provided to Ward with the notice. The envelope mailed to Ward at his address of record has not been returned as undeliverable. Ward did not respond to or comply with the deficiency notice.

On February 3, 2025, the undersigned Magistrate Judge issued an Order requiring Ward to show cause in writing by March 5, 2025 why his complaint should not be dismissed for his failure to prosecute by failing to respond to the deficiency notice, return the completed form complaint,

and either pay the filing fee or submit a completed, certified pauper application. ECF No. 3. The envelope mailed to Ward at his address has not been returned as undeliverable. Ward has not responded to or complied with the show cause order.

## II.     Standard of Review under Fed. R. Civ. Proc. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. Proc. 41(b). In determining whether to dismiss a claim, courts usually consider the extent to which the plaintiff, rather than counsel, is responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.    Analysis

Ward has not replied to the Clerk of Court's deficiency notice or the Court's show cause order. He also has not returned the form complaint, paid the filing fee, or submitted a certified

pauper application to initiate this suit. Ward is proceeding *pro se*, and his failure to comply with the notice and the Court's order is solely the result of his own actions or inactions. His failure has resulted in the Court's inability to move forward with this case and its docket. For these reasons, Ward's §1983 civil rights complaint should be dismissed without prejudice under Fed. R. Civ. Proc. 41(b) for his failure to prosecute.

### IV.   Recommendation

It is **RECOMMENDED** that Richard Ward's § 1983 civil rights complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. Proc. 41(b) for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this  17th day of March, 2025.

_____
KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.